UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD C. WATSON,

    Plaintiff,

v.                                    Case No. 1:06-cv-446

COMMISSIONER OF SOCIAL        Hon. Robert J. Jonker
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this pro se action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  This matter is now before the court on defendant's motion to dismiss plaintiff's complaint as untimely (docket no. 5).

    **I.**    **Background**

Plaintiff filed an application for disability insurance benefits (DIB) on June 6, 2003, alleging disability beginning on August 19, 2001.  ALJ's Decision (January 17, 2006) attached to defendant's brief.  The ALJ denied plaintiff's claim and found that he was not disabled as defined in the Social Security Act.  *Id.*  The Appeals Council denied plaintiff's request for review on April 18, 2006.  Notice of Appeals Council Action attached to defendant's brief.  Plaintiff filed his complaint to appeal this decision on Monday, June 26, 2006.  *See* docket no. 1.  Defendant contends that the complaint should have been filed on Thursday, June 22, 2006, and seeks to dismiss the complaint as untimely.

## II.     Legal standard

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action <u>commenced</u> within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).

The regulations provide that such a civil action:

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual. . . For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

The sixty-day statute of limitations as set forth in § 405(g) serves the dual purpose of eliminating stale clams and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). However, this limitation is not jurisdictional and is subject to equitable tolling.  *See Bowen*, 476 U.S. at 478-80; *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005).

Defendant brings this motion pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  However, because the sixty-day limitation is not jurisdictional, the court will view this motion as brought pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted).  *See Rauch v. Day & Night Mfg. Corp.*,  576 F.2d 697, 702 (6th Cir. 1978) ("[w]hile the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based

on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted").

### III.    Discussion

The record reflects that the Appeals Council denied plaintiff's request for review on April 18, 2006.  Plaintiff's complaint should have been filed on or before June 22nd (i.e., within the sixty-day statute plus the five-day presumption of receipt).  However, the court record reflects that plaintiff's complaint was filed on June 26th.  Courts have strictly construed the statute of limitations in Social Security appeals.  "Even one day's delay in filing the action is fatal."  *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *Davidson v. Secretary of Health, Education and Welfare*, 53 F.R.D. 270, 271 (N.D. Okla. 1971).  *See also Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal"); *White v. Secretary of Health, Education & Welfare*, 56 F.R.D. 497, 498 (N.D. N.Y. 1972).  Based on this record, plaintiff's untimely complaint should be dismissed.

Although plaintiff does not request the court to equitably toll the statute of limitations, such a request is implicit in his response, which contains both explanations for his failure to file a timely appeal and rhetoric criticizing defendant.  Plaintiff advises that he "know[s] nothing" of the applicable court rules, does not have a lawyer and has no intention of hiring one.  He feels that "the commissioner of social security should be fired and put in jail for letting this take so long and not paying people [their] benefits," and poses questions such as "why I should do this claim [since] there was no reason for them to turn down my claim in the first place," and "why can

3

social security put time limits on me and they can take years putting people off without paying them what they owe." Although plaintiff states that he had no idea of the sixty day filing requirement, he also states that he went to the courthouse before the expiration of the sixty days to file the appeal, that he did not have appropriate forms, that a lady at the court "couldn't give them to me," and that he had to obtain forms from the library.

The Sixth Circuit has emphasized that equitable tolling should be applied "sparingly." *Dunlap v. United States*, 250 F.3d 1001, 1008-1009 (6th Cir. 2001). There are five factors to be considered in determining whether a statute of limitations is subject to equitable tolling: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. These five factors are not comprehensive, nor are the factors relevant in all cases. *Amini*, 259 F.3d at 500.

Plaintiff's response does not demonstrate the type of exceptional circumstances necessary to apply the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1008-1009. The record reflects that the agency sent plaintiff its standard notice advising him of the right to appeal. While plaintiff expressed displeasure with the agency's decision, it appears that he was pursuing his right to appeal the decision, and was aware of the sixty-day filing requirement, but simply failed to meet it. Accordingly, plaintiff is not entitled to equitable tolling.

### III.     Recommendation

I respectfully recommend that defendant's motion to dismiss (docket no. 5) be **GRANTED** and that the complaint be dismissed as untimely.


Dated:  August 21, 2007                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).